UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PEDRO GARCIA-MORALES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:15-CV-124 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

Plaintiff Pedro Garcia-Morales, a federal prisoner proceeding pro se, has filed a "Motion for Return of Seized Property" pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Docket No. 2.)[1] Plaintiff failed to pay the $400 filing fee required to proceed with this civil action at the time he filed his motion, and he thereafter failed to comply with orders directing him either to pay the filing fee or submit a properly-supported request to proceed in forma pauperis. For the reasons that follow, the undersigned recommends that this action be dismissed for failure to prosecute.

## I. BACKGROUND

On May 14, 2013, a jury found Plaintiff guilty of "possession with intent to defraud, of 15 or more counterfeit access devices, affecting interstate or foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(3), 1029(c)(1)(A)(i), and 2." (*United States v. Garcia-Morales*, 7:13-cr-230-1, Cr. Docket No. 59, ¶¶ 1, 2.) The District Court later sentenced Plaintiff to 97 months imprisonment based on the jury's verdict. In March 2015, approximately two (2) years after the

---

[1] Plaintiff's motion for return of property arises out of his criminal case, *United States v. Garcia-Morales*, 7:13-cr-230-1. Docket entry references in this report are to the instant civil action, unless otherwise noted.

jury found Plaintiff guilty, he filed the instant "Motion for Return of Seized Property." (Docket No. 2.) In his motion, Plaintiff requested the return of the following items allegedly seized by the U.S. Secret Service and the Hidalgo County Sheriff's Department: 1) two laptop computers; 2) two large accordion files with various documents; 3) two cellular telephones; and 4) a 32 gigabyte storage disk. (*Id.*)

Plaintiff initially filed his motion for return of property in his underlying criminal case. (Cr. Docket No. 113.) However, because Plaintiff filed his motion after the conclusion of his criminal case, the District Court ordered that the motion be construed as a civil action and directed Plaintiff within thirty days to either pay the $400 filing fee or submit an application to proceed in forma pauperis, along with the required supporting financial information. (Docket No. 1.)

Two weeks later Plaintiff filed a motion to proceed in forma pauperis; however, the certified statement of his inmate trust fund account showed that Plaintiff had received over $1000 in the six months preceding the filing of his motion for return of property. (*See* Docket No. 3.) As such, the undersigned entered an order explaining to Plaintiff that it was "questionable whether he qualifies to proceed in forma pauperis in this action" and allowing him the opportunity to "file any other information regarding his application to proceed in forma pauperis." (Docket No. 6.)

Plaintiff responded by expressing his "intention of moving forward with this civil case [and] [by] stating [his] willingness to cover all [his] financial obligations." (Docket No. 10.) The undersigned then denied Plaintiff's application to proceed in forma pauperis both because he had received a significant amount of money into his inmate account and because he unequivocally stated his willingness to "cover all [of his] financial obligations" in this action.

2

(Docket No. 11.)  Plaintiff was ordered to pay the $400 filing fee in this action "within thirty (30) days."  (*Id.*)  Plaintiff was further warned that "[f]ailure to do so may result in the dismissal of this case."  (*Id.* (emphasis in original).)  Plaintiff failed to respond to the order, and he has taken no further action in this case.[2]

## II.  ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $400 filing fee for a person seeking to file a motion for return of property in federal court.  28 U.S.C. § 1914(a).  A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw."  *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

---

[2] Although this Order (Docket No. 11) was returned to the Clerk as undeliverable after the U.S. Postal Service determined Plaintiff's address to be invalid (*see* Docket No. 12-1, at 1), it was later resent to Plaintiff at his correct address.  (*See* Docket Entry dated July 25, 2016.)  Plaintiff did not respond to the Order after it was resent.

Here, Plaintiff has failed to demonstrate that he is entitled to proceed in this civil action in forma pauperis. He then failed to pay the filing fee even after confirming his intention to do so. In addition, he failed to comply with the undersigned's order that he correct his deficiency within thirty (30) days by paying the $400 filing fee in order to proceed with his motion for return of property.

This civil action should be dismissed for failure to prosecute because Plaintiff both failed to pay the filing fee and failed to comply with a court order. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *see also Estrada v. United States*, 7:16-MC-244, 2017 WL 4457588 (S.D. Tex. Sept. 13, 2017) (recommending dismissal of a motion for return of property based on a failure to prosecute); *Cadena v. United States*, 3:17-CV-1815, 2017 WL 4570721 (N.D. Tex. Sept. 11, 2017) (recommending dismissal of a motion for return of property based on a failure to prosecute). It appears that no lesser sanction is available since Plaintiff has taken no further action in this case.[3]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Motion for Return of Seized Property" (Docket No. 2) be DENIED and that this action be DISMISSED for failure to prosecute.

---

[3] A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 11), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on November 20, 2017.

_____
Peter E. Ormsby
United States Magistrate Judge